[No. 6907.   Decided January 9, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Oregon &*
*Washington Railroad Company, Appellant,* v. D. R.
ABRAHAM *et al., Respondents.*[1]

PUBLIC LANDS—TIDE LANDS—VACATION OF PLATS—STATUTES—RE-
PEAL. The county commissioners have no jurisdiction to vacate
plats of tide lands, under Laws 1903, p. 139, conferring authority
upon them to vacate plats generally; since, if such law applied to
tide land plats, it was superseded two days later by Laws 1903, p.
239, conferring power upon the state board of land commissioners
to vacate plats of tide lands.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered April 23, 1907, in favor of
the defendants, denying an application for a writ of man-
date, to compel a hearing upon an application to vacate a
plat of tide lands. Affirmed.

*W. W. Cotton, H. F. Conner,* and *John P. Hartman,* for
appellant.

*Kenneth Mackintosh, E. B. Herald,* and *A. J. Tennant,*
for respondents.

[1]Reported in 93 Pac. 325.

FULLERTON, J.—On August 28, 1906, the appellant, being then the owner of certain uplands situated in King county (lying outside of the limits of any incorporated city or town), which had been platted into lots, blocks, streets and alleys, and recorded under the name of Ladd's Factory Sites, and being the owner also of certain tide lands which had been theretofore platted into lots, blocks, and streets by the Board of State Land Commissioners, petitioned the county commissioners of King county to vacate the plats, assigning as a reason therefor that it had become the owner of all the property the plat of which it sought to vacate, and that its interests alone would be affected by the vacation, and that it desired the vacation in order that it might use the property for terminal grounds of its railroad then in the course of construction. The county commissioners assumed jurisdiction and granted the petition insofar as it related to the uplands, but declined to act upon that portion of the petition relating to the tide lands, on the ground that it had no jurisdiction to vacate, modify, or otherwise change plats of tide lands made by the board of state land commissioners. The appellant thereupon sued out of the superior court of King county a writ of mandamus commanding the county commissioners to reinstate the proceedings and proceed with the hearing of the petition, or show cause at a date fixed by the court why they had not done so. The commissioners appeared at the hearing and demurred to the application for the writ, which demurrer the trial court sustained, and dismissed the proceedings. From the judgment of dismissal, the railroad company appealed to this court.

The appellant contends that power to vacate plats of tide lands is vested in the board of county commissioners by the act of March 14, Laws 1903, p. 139. The part of the act relied upon being the first section thereof, which reads as follows:

"That whenever three-fourths in number and area of the owners of any townsite, city plat or plats, addition or addi-

tions, or part thereof, shall be desirous of altering the plat
or plats, replatting or vacating the same or any part thereof,
they may prepare a plat or plats, showing such alterations or
replat, drafted upon a copy of the existing plat or plats, or
that portion desired to be altered, replatted or vacated, and
file the same with the clerk of the board of county commis-
sioners, or city council having jurisdiction of the establish-
ment or vacation and control of the streets to be affected, ac-
companied with a petition for the change desired."

The county commissioners contend that jurisdiction to va-
cate tide land plats is vested in the board of state land com-
missioners by the third section of the act of March 16, 1903,
Laws 1903, p. 239.  That section is as follows:

"Whenever all the owners and other persons who have a
vested interest in the lands abutting on any street, alley or
other public place, or any portion thereof, in any of the state
granted, tide or shore lands lying outside of the limits of any
incorporated city or town which have been platted, or which
hereafter shall be platted, shall petition the board of state
land commissioners, by filing a petition therefor with the com-
missioner of public lands, the board of state land commis-
sioners is authorized and empowered to vacate any such street,
alley or public place, or part thereof, and all such streets,
alleys and other public places and portions thereof which
shall be so vacated shall be platted and appraised in the man-
ner provided for the platting and appraising of similar lands:
*Provided*, That where the area of such streets, alleys or other
public places so vacated may be determined from the plat al-
ready filed as provided by law it shall not be necessary to
survey said street, alley or other public place so vacated, but
the area thereof may be determined from such plat already
filed."

We are of the opinion that the contention of the board of
county commissioners must prevail.  While the act relied
upon by the appellant, if it stood alone, might be construed
as broad enough to vest in the board of county commissioners
power to vacate plats of tide lands made by the board of state
land commissioners, yet it is evident that the legislature did
not so intend, for the reason that two days later they vested

this very power in another board. Nor can the jurisdiction be held to be concurrent. If the first act did grant the power contended for to the board of county commissioners, it was superseded in that respect by the subsequent act, under the familiar rule that an act covering the subject-matter of a former act without express words of reservation supersedes the former act insofar as it conflicts with it.

The judgment of the lower court is right and must be affirmed. It is so ordered.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.